UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRYAN EDUARDO C.A.,[1]

      Petitioner,

      v.

ORESTES CRUZ, et al.,

      Respondents.

No. 1:26-cv-06055-TLN-CSK

A# 241-985-087

**RELEASE ORDER**

This matter is before the Court on pro se Petitioner Bryan Eduardo C.A.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed a response. (ECF No. 8.) Petitioner filed a traverse. (ECF No. 9.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

///

///

---

[1]     The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL BACKGROUND

This matter arises out of Petitioner's challenge to his civil immigration detention without a hearing.  Petitioner last entered the United States about October 2022.  (ECF No. 8-1 at 2.)  He was detained by immigration authorities and then released two days later on October 3, 2022 on an order of recognizance.  (*Id*.)  U.S. Immigration and Customs Enforcement ("ICE") enrolled Petitioner in their Intensive Supervision Appearance Program ("ISAP") for monitoring.  (ECF No. 1 at 2.)  Petitioner asserts he consistently complied with the requirements of his release.  (*Id.*)  He also filed an application for asylum and obtained authorization to work.  (*Id.*)  Petitioner has no criminal history, nor is he subject to an order of removal.[2]  (*Id.* at 10; ECF No. 8-1 at 3.)

ICE instructed Petitioner to attend a check-in on July 25, 2026.  (ECF No. 1 at 2.)  At that check-in, ICE detained Petitioner without prior notice or a hearing.  (*See id.* at 3.)  Petitioner was told he was being detained as the result of missed check-ins, but Petitioner disputes the allegation, and he has never been provided an opportunity to be heard as to the violations.  (*See id.*)  Respondents concede that Petitioner is entitled to a custody redetermination hearing before an immigration judge, but they have not yet provided one.  (*See* ECF No. 8 at 1.)  Respondents do not argue Petitioner is a danger or a flight risk.  (*See* ECF No. 8.)  Petitioner challenges the constitutionality of his detention.  (*Id*.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

---

[2]    Automated Case Information, U.S. Department of Justice, Executive Office for Immigration Review, https://acis.eoir.justice.gov/en/caseInformation.

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.   ANALYSIS

Petitioner claims his detention without a pre-deprivation hearing violates the Fifth Amendment. (ECF No. 1 at 10.) Respondents contend Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) but acknowledge that Ninth Circuit controlling authority determines 8 U.S.C. § 1226(a) governs Petitioner's detention and entitles him to a hearing. (ECF No. 8 (citing *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026)).)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

The Court finds Petitioner possesses a protected liberty interest and was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause when he was released on recognizance and allowed to live freely prior to his current detention. Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693.

Respondents' argument as to the applicability of § 1226(b)(2) is unavailing as the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are

3

apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) and are entitled to a hearing. *Id.* at *3. Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed pre-deprivation notice and a hearing before a neutral decisionmaker to determine whether his detention was justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Having received neither, nor a post-deprivation hearing, Petitioner's detention violates the Fifth Amendment Due Process Clause.

The appropriate remedy in this case is not to bring the government into conformity with its governing statutes; it is to release Petitioner from unlawful custody. *See Dinesh S. v. Chestnut*, No. 1:26-CV-01717-TLN-EFB, 2026 WL 1028016, at *3 (E.D. Cal. Apr. 16, 2026) (citing *Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of detainee challenging his detention without a bond hearing and collecting cases); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *20 (S.D. W.Va. Feb. 4, 2026) (ordering release and rejecting the government's argument that a bond hearing is the appropriate remedy)).

**IV.    CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is hereby GRANTED. It is FURTHER ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Bryan Eduardo C.A. (A# 241-985-087) from custody under the same conditions as his prior release. At the time of release, Respondents must return all of Petitioner's documents and possessions.

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or

ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is DENIED as moot.

4. The Clerk of Court shall serve this Order on the **Golden State Annex** detention facility.

5. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATED: August 10, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE